NUMBER 13-01-860-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

 

OSCAR
RENE SILGUERO,                                                             Appellant,

 

                                                             v.

 

THE
STATE OF TEXAS,                                                                  Appellee.

 

     On appeal from
the 332nd District Court of Hidalgo County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Yañez

 

 








A jury found appellant, Oscar Rene Silguero, guilty
of aggravated kidnapping[1]
and manslaughter[2]
in connection with the death of Orlando Jaregui.  The jury assessed punishment at thirty years= imprisonment and a $10,000 fine and twenty years= imprisonment and a $10,000 fine, respectively. 

In twenty-six issues,[3]
appellant complains generally that:  (1)
he was deprived of his Sixth Amendment right to counsel during a critical stage
of trial, the period for filing a motion for new trial; (2) the trial court
erred in denying his motion for new trial and in failing to hold an evidentiary
hearing on the motion; (3) the trial court erred in failing to give an
accomplice witness instruction; (4) he was denied effective assistance of
counsel with respect to (a) the filing of his motion for new trial, (b) his
trial counsel=s failure to request an accomplice witness
instruction, and (c) his trial counsel=s introduction of the testimony of two accomplice
witnesses, each of whom provided corroboration for the other=s testimony; (5) the evidence is legally
insufficient to support his convictions; and (6) the trial court erred in
denying his motion to suppress evidence. 
We affirm.

The record contains the trial court=s certification that this Ais not a plea-bargain case, and the defendant has
the right of appeal.@[4]

                                              I.  Appellant=s Motion for New Trial

                                                      A.  Assistance of Counsel








In issues one through eleven, appellant complains he
was deprived of counsel during a Acritical stage@ of the criminal proceeding against him,
specifically, during the time period for filing a motion for new trial.  The State responds that appellant was, in
fact, represented by counsel during the period for filing a motion for new
trial.  We agree with the State.

                                                 1.  Relevant Procedural History

At trial, appellant was represented by retained
counsel, Manuel Trigo, Jr., and appointed counsel, Daniel Reyes.  Appellant=s
sentence was imposed on October 23, 2001. 
Reyes filed a motion to withdraw as appellant=s appointed counsel on October 29, 2001.

At
a hearing on November 16, 2001, Trigo appeared with appellant and told the
court he had advised appellant of his right to appeal Awith reference to these two cases in which he was
found guilty as charged on the two different cases by a jury of his peers . . .@  After
appellant advised the court that he wished to appeal, Trigo presented a Notice
of Appeal and a Motion for New Trial[5]
to be filed by appellant Apro se.@  The trial court directed the bailiff to file-stamp the
documents and place them in appellant=s file.  Trigo
also told appellant that he (Trigo) had requested permission to withdraw from
the case; appellant agreed and stated that he was satisfied with Trigo=s services. 
The trial found appellant indigent, stated its intention to appoint
appellate counsel, and granted Trigo permission 
to withdraw from the case.  








On
November 19, 2001, the trial court denied appellant=s Apro se@ motion
for new  trial and granted Reyes=s motion to withdraw.  On December 20, 2001, the trial court
appointed appellate counsel.[6]  

                                                             2.  Applicable Law

An
appointed attorney's legal responsibilities do not terminate at the conclusion
of trial.[7]  Thus, trial counsel, whether appointed or
retained, has the duty, obligation, and responsibility to advise his client
concerning the meaning and effect of the judgment rendered, the right to
appeal, and the necessity of filing a notice of appeal and other steps required
to pursue appeal, as well as to offer his professional judgment regarding
possible grounds for appeal, their merit, and the advantages and disadvantages
of appeal.[8]  There is a presumption that appellant was
represented by counsel and that counsel acted effectively.[9]  If appellant claims he was not represented
during the critical thirty days following judgment, the record must establish
this.[10]

                                                                   3.  Analysis

Here, the record reflects
that appellant was, in fact, represented during the time for filing a motion
for new trial.  Trigo, appellant=s retained counsel, prepared and filed, on appellant=s behalf, a Apro se@ motion for new trial.  








Appellant argues (and the
State concedes) that because the trial court allowed both of appellant=s attorneys to withdraw on November 19, 2001, and
the thirty-day period for filing a motion for new trial did not expire until
November 22, 2001,appellant was without counsel for three days: November 20th,
21st, and 22nd.  Appellant contends that
his Apro se@ motion for new trial Ashould
have raised at least in part a claim of ineffective assistance of counsel; but
such issue would have created a conflict of interest for his trial attorneys in
the preparation and argument of the same.@  Appellant
argues that the filing of appellant=s Apro se@ motion for new trial Acomplaining
about jury misconduct but not any ineffective assistance of his trial counsel@ rebuts the presumption that appellant was
effectively assisted by counsel during the entire thirty-day period for filing
a motion for new trial.  We disagree.

When a motion for new trial
is not filed in a case, there is a rebuttable presumption that it was
considered by the appellant and rejected.[11]  Here, there is no evidence to show that
appellant was interested in filing a motion for new trial based on ineffective
assistance of counsel.  Moreover,
appellant=s statement at the November 16, 2001 hearing that he
was satisfied with Trigo=s services suggests appellant was not interested in
filing a motion for new trial on the basis of any alleged ineffective
assistance by Trigo.  








With regard to appellant=s Aconflict of interest@
allegation, appellant argues that this Court Ashould
be concerned with the possible conflict of interest of retained and appointed
counsel.@  Appellant
argues that Aretained counsel has a financial and inherent
conflict of interest in having to counsel his indigent client as to the manner
and means of asserting defense counsel=s own ineffectiveness at trial.@  However,
appellant=s brief contains no citations to authority or to the
record in support of this argument. 
Accordingly, we conclude  he has
waived this sub-issue.[12]  

Although appellant was
without counsel for three days of the period for filing a motion for new trial,
the trial court denied appellant=s motion for new trial on the same day his appointed
counsel was allowed to withdraw.  A
defendant may file an amended motion for new trial without leave of the court
only if the amended motion is both timely and filed before the court overrules
any preceding motion for new trial.[13]  The overruling of a preceding motion or
amendment terminates the time during which amendments are allowed.[14]  Thus, even if the trial court had appointed
appellate counsel on November 19, 2001, such counsel would not have been able
to file an amended motion for new trial. 
We conclude that appellant was not harmed by the trial court=s failure to appoint appellate counsel on November
19, 2001.[15]  We hold appellant was not deprived of counsel
at any period during which he could have filed a viable motion for new
trial.  We overrule appellant=s first eleven issues.    

                                                       B.  Ineffective Assistance 








In various issues and
sub-issues,[16]
appellant argues he was denied effective assistance of counsel  regarding his motion for new trial. 

                                                             1.  Applicable Law

Strickland v. Washington,[17]
sets forth the standard of review for effectiveness of counsel.[18]  Strickland requires a two‑part
inquiry.[19]  The defendant must first show that counsel's
performance was deficient, in that it fell below an objective standard of
reasonableness.[20]  Second, the defendant must further prove
there is a reasonable probability that but for counsel's deficient performance,
the result of the proceeding would have been different.[21]  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.[22]









The determination regarding
whether a defendant received effective assistance of counsel must be made
according to the facts of each case.[23]  An appellate court looks to the totality of
the representation and the particular circumstances of the case in evaluating
counsel's effectiveness.[24]


The appellant bears the
burden of proving by a preponderance of the evidence that counsel was
ineffective.[25]  There is a strong presumption that counsel's
conduct fell within the wide range of reasonable professional assistance.[26]  To defeat the presumption of reasonable
professional assistance, Aany allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.@[27]  Generally,
the record on direct appeal will be insufficient to show that counsel=s representation was so deficient as to meet the
first part of the Strickland standard.[28]

                                                                   2.  Analysis








In a sub-issue, appellant
suggests that he received ineffective assistance because his Apro se@ motion for new trial was filed Aonly as to count two.@  According to appellant, he did not receive
effective advice concerning whether to file a motion for new trial as to count
one.  However, appellant=s motion requests a new trial on the basis of Ainsufficiency of evidence and jury misconduct.@  Thus, the
substance of the motion requests a new trial and does not limit its application
to a particular count.[29]  Moreover, at the hearing, appellant=s counsel referred to appellant=s right to appeal Awith
reference to these two cases.@  We reject
appellant=s argument that the motion for new trial was
restricted to count two.  Accordingly,
insofar as appellant claims ineffective assistance on grounds that the motion
was limited to count two, we overrule appellant=s
sub-issue.

In issue twenty-one, appellant
argues he was denied effective assistance of counsel when his counsel failed to
timely present his motion for new trial. 
However, appellant cites no authority or references to the record in
support of this argument.  Therefore, we
conclude he has inadequately briefed this sub-issue.[30]  Even if the issue were properly before us, we
conclude appellant=s argument is without merit.  APresentment@ requires only that a new-trial movant actually
deliver the motion for new trial to the trial court or otherwise bring it to
the actual notice of the trial court.[31]  The record reflects that  the motion for new trial was specifically
brought to the attention of the trial court at the November 16, 2001
hearing.  We overrule issue twenty-one.








In another sub-issue,
appellant complains he was denied effective assistance of counsel because the Afacially plausible@
allegation of jury misconduct in his Apro se@ motion for new trial was not properly supported
with a factual affidavit.  Appellant
complains that the trial court would have been required to hold a hearing if
the motion had been properly supported by a factual affidavit.  However, appellant points to no evidence that
jury misconduct occurred or that a hearing would have resulted in a new trial
on the basis of jury misconduct. 
Appellant therefore fails to meet either prong under Strickland.[32]  We overrule appellant=s sub-issue.  

In issue seventeen,
appellant contends his trial counsel was ineffective for failing to request an
instruction that Aco-defendants@[33] Joe Daniel Perez and Ricardo Blanco were accomplice
witnesses.  In issue twenty-three,
appellant argues the trial court erred in failing to give the accomplice
witness instruction.  In issue eighteen,
appellant contends that counsel was ineffective because he introduced evidence
sufficiently corroborating the testimony of Perez and Blanco.  However, appellant has not provided a single
reference to the record in support of these arguments.  Accordingly, he has inadequately briefed  these issues.[34]

We conclude appellant has
failed to establish that he was deprived of effective assistance of
counsel.  We overrule issues twelve
through twenty-one, twenty-three, twenty-four, and twenty-five.  

                                                          II.  Legal Insufficiency








In issue twenty-two,
appellant contends the evidence was legally insufficient to support his
convictions.  However, appellant has
failed to include any citations to the record in support of his argument.  Accordingly, he has inadequately briefed the
issue.[35]  We overrule the issue.

                                                         III.  Motion to Suppress

In his twenty-sixth issue,
appellant contends the trial court erred in denying his motion to suppress
evidence of a firearm, ammunition, and an ammunition box seized from his
bedroom.  The State contends that
appellant=s father consented to the search of his [the father=s] residence where the items were found.  Although the residence belonged to his
father, appellant argues that his father could not legally give consent to
search appellant=s bedroom. 
The record contains a AConsent to Search@ form
executed by appellant=s father. 
Although appellant argues his father could not legally consent to the
search of appellant=s bedroom, we conclude that appellant has failed to
provide references to the record in support of his contention.  Accordingly, appellant has inadequately
briefed  his argument that the consent
form executed by his father was invalid.[36]  We overrule appellant=s twenty-sixth issue.

Having overruled all of
appellant=s issues, we affirm the trial court=s judgment.       


                                                              
                                                       

LINDA REYNA YAÑEZ

Justice

 

 

 

Do not publish. 
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed 

this the 30th day of November, 2005. 











[1]
See Tex. Pen.
Code Ann. ' 20.04 (Vernon 2003).





[2]
See Tex. Pen.
Code Ann. ' 19.04 (Vernon 2003).  Appellant was charged with capital murder,
but was convicted of the lesser-included offense of manslaughter.





[3]
In the interest of clarity,
we have organized appellant=s issues into categories of related issues and will address
sub-issues within each category as appropriate. 






[4]  See Tex. R.
App. P. 25.2(a)(2).





[5]
Both documents were captioned
ACause No. CR-3219-99-F (Count 2).@ 
The motion for new trial alleged, without elaboration or explanation, Ainsufficiency of evidence and jury
misconduct.@ 
Attached to the motion was appellant=s affidavit, which stated only that the Aallegations of fact@ contained in the motion were true
and correct. 





[6]
The trial court appointed
Mark Alexander as appellate counsel.  On
February 19, 2002, the trial court allowed Alexander to withdraw and allowed
appellant=s present retained counsel, Joseph
Connors, to substitute.  





[7]
Oldham v. State, 977 S.W.2d 354, 362 (Tex. Crim.
App. 1998) (citing Ward v. State, 740 S.W.2d 794, 796-97 (Tex. Crim.
App. 1987)). 





[8]
Id. (citing Axel v. State,
757 S.W.2d 369, 374 (Tex. Crim. App. 1988)). 





[9] Id.





[10] See id. at
362‑63 (holding fact that appellant filed a pro se notice of appeal and
appellate counsel was appointed sixty‑two days after judgment is insufficient
to rebut presumption that appellant was represented during critical
period).      

 





[11] Id. at 363.





[12]
See Tex. R.
App. P. 38.1(h) (brief
must contain clear and concise argument for contentions made, with appropriate
citations to authorities and to record).





[13]
See Tex. R.
App. P. 21.4(b); Starks
v. State, 995 S.W.2d 844, 846 (Tex. App.BAmarillo 1999, no pet.).





[14]
Starks, 995 S.W.2d at 846. 





[15]
See Tex. R.
App. P. 44.2(b).





[16]
In issues twelve through
sixteen, nineteen, twenty, twenty-four, and twenty-five, appellant argues
generally that he received ineffective assistance of counsel because counsel
failed to inform him of reasonable grounds for filing a motion for new trial and
failed to file a Ameaningful@ motion for new trial as to both
counts.  In issue 21, he argues counsel
was ineffective for failing to timely present his motion for new trial to the
trial court.  





[17]
Strickland v. Washington, 466 U.S. 668, 687 (1984).





[18]
See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999).





[19]
Id.  





[20]
Id.





[21]
Id.





[22]
Id.





[23]
Id.





[24]
Id.





[25]
Id. at 813.





[26]
Id.





[27]  McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).





[28]
Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim.
App. 2002).





[29]
See State v. Dickerson, 864 S.W.2d 761, 764 (Tex. App.BHouston [1st Dist.] 1993, no pet.)
(noting  that the effect of a motion is
determined by its contents and purpose, rather than by its caption). 





[30]
See Tex. R.
App. P. 38.1(h) (brief
must contain clear and concise argument for contentions made, with appropriate
citations to authorities and to record).





[31]
See Carranza v. State, 960 S.W.2d 76, 79 (Tex. Crim.
App. 1998).





[32]
See Thompson, 9 S.W.3d at 812. 





[33]
Although appellant refers to
Blanco and Perez as Aco-defendants,@ the record reflects that appellant
was tried alone.





[34]
See Tex. R.
App. P. 38.1(h) (brief
must contain clear and concise argument for contentions made, with appropriate
citations to authorities and to record).





[35]
See id.  





[36]
See id.